## No. 12,819.

### THE STATE OF LOUISIANA VS. SANDY MADDISON.

If a witness resides in the State of Mississippi, and personal service of a summons can not, after due diligence has been exercised, be made upon him, the depositions taken before the committing magistrate may be introduced in evidence on the part of the State.

APPEAL from the Twelfth Judicial District Court for the Parish of Assumption. *Guion, J.*

*M. J. Cunningham*, Attorney General, and *G. A. Gondran*, District Attorney, for Plaintiff, Appellee.

*John Marks* for Defendant, Appellant.

Submitted on briefs May 7, 1898.
Opinion handed down May 16, 1898.

The opinion of the court was delivered by

WATKINS, J. On information the defendant was charged with having committed the crime of robbery by putting Alexander Green in bodily fear, by making an assault upon him, and taking from him by force the sum of twelve dollars in money, and stealing and carrying same away, and the jury returned a verdict of "guilty of assault with intent to commit robbery;" and from a judgment and sentence to imprisonment at hard labor in the State penitentiary, he prosecutes this appeal.

I.

The first bill of exceptions relates to the admission in evidence on the part of the prosecution, of certain written testimony of the prosecuting witness, Alexander Green, which had been taken on the preliminary examination, same having been offered in connection with a summons which had been issued for the witness, and the sheriff's return thereon endorsed, showing that said witness could not be found in the parish, and that his domicile was in the State of Mississippi.

The contention of counsel for the defendant in his bill of exceptions is, that the inquiry of the sheriff disclosed that the witness had been seen at Donaldsonville in an adjoining parish about one week previous; and that it had been reported that he had a residence in an adjoining parish, and that, in consequence thereof, the State had not laid a proper or sufficient basis for the introduction of secondary evidence.

State vs. Madison.

That he had a constitutional right to have the witnesses for the prosecution confront him, and that this privilege could not be legally denied him under the circumstances related.

The trial judge assigns amongst others the following, reasons for overruling the defendant's objection, viz.:

That before offering the testimony taken before him sitting as a committing magistrate, proof was made, that the deputy sheriff, to whom a summons had been delivered for said witness, "had inquired diligently for (him) and had not been able to find him, he being *then* a resident of the State of Mississippi," etc., though there was a *rumor* extant that he had been recently seen in an adjoining parish a week previous to the trial.

That " considering the fact that the witness, Alex. Green, was not a resident of Assumption parish, but of the State of Mississippi, and that he was only temporarily in the parish where the crime charged was committed," and that due diligence had been shown on the part of the sheriff in searching for him in the parish of Assumption, he regarded the testimony admissible.

It thus appears that the witness in question resided in the State of Mississippi—that is to say beyond the realm and the jurisdiction of the court, and that at the time of the trial he was out of reach of the process of the court.

The statement of the trial judge is that due diligence had been shown on the part of the sheriff in making search for the witness in the parish of Assumption; and there is nothing to show that there was any truth in the rumor that he had been, theretofore, recently seen in the adjoining parish of Ascension.

On this showing we think it evident that the judge correctly admitted the evidence. The law neither contemplates nor requires the performance of a vain thing; and as it is shown that the witness resided in the State of Mississippi, the process of the court could not reach him—thus presenting an exception to the constitutional requirement relied upon.

## II.

The second bill relates to the portion of the charge of the trial judge to the effect that on a trial for the perpetration of the crime of robbery, it was legal and competent for the jury to bring in a verdict of " guilty of assault with intent to commit robbery."

State vs. Madison.

The record shows that in keeping with that instruction the jury so found and returned their verdict in that exact form of words.

Counsel for defendant contends, " that the jury could not find accused guilty of a *greater* offence than that charged in the indictment, and that *assault* with *intent to commit robbery* was a greater offence under Act 59 of 1896," than *robbery* as denounced by provisions of the Revised Statutes.

A comparison must be made of the statutes in order to determine the correctness of this contention.

The Revised Statutes declare that whoever shall commit the crime of robbery shall, on conviction, suffer imprisonment at hard labor not more than fourteen years." Sec. 809.

It further provides that " if upon the trial of any person upon an indictment for *robbery*, it shall appear to the jury upon the evidence that the defendant did not commit the crime of robbery, but that he did commit an *assault with intent to rob*, the defendant shall not by reason thereof be entitled to be acquitted, but the jury shall be at liberty to return as their verdict that the defendant is guilty of an *assault with intent to rob*, and thereupon such defendant shall be liable to be punished in the same manner as if he had been convicted upon an indictment for feloniously assaulting with intent to rob," etc. Sec. 1053.

Those statutes seem plain enough, and the charge of the judge and the verdict of the jury are in exact conformity therewith; but counsel cites and very much relies upon the provisions of Act 59 of 1896, as having repealed, by implication, the latter section.

Let us see.

The act referred to, in terms, amends Sec. 792 of Revised Statutes, and makes no reference to Sec. 1053.

The former provides that " whoever shall assault another by wilfully shooting at him, with intent to commit murder, rape or robbery, shall, on conviction thereof, be imprisoned at hard labor, not exceeding two years; and the only change made therein by the act of 1896 is to extend the maximum imprisonment to twenty years.

In State vs. White, 49 An. 127, we had before us the question of the implied repeal of Revised Statutes Sec. 1053 by said act, and declined to so hold.

We adhere to that ruling. See also State vs. Jonas, 48 An. 1570; State vs. Shelby, 48 An. 1518; State vs. Young, 49 An. 70.

As Revised Statutes Sec. 1053 has not been repealed by the passage of the act of 1896, its provisions are inforceable, and must remain as a guide for judges and juries, notwithstanding it may be conceded for the argument, that the effect of the act of 1896 is to make an assault with intent to rob, a greater offence than robbery; though we are of the opinion that such is not a necessary or logical conclusion.

The result of our having thus concluded is to sustain the judge's charge.

## III.

The two remaining bills of exceptions merely state the two foregoing propositions in the form of a motion for a new trial, and in arrest of judgment; and such being the case the foregoing reasons are strictly applicable thereto.

Judgment affirmed.